UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JANET MAVIS MARCUSSE,
DAVID REX ALBRECHT,
GEORGE TERRANCE BESSER,
DIANE RENAE BOSS,
WESLEY MYRON BOSS,
DONALD MAYNARD BUFFIN, JR.,
WILLIAM EDWARD FLYNN and
JEFFREY ALAN VISSER,

    Defendant.
_____/

File No. 1:04-CV-165

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion for a protective order regarding copying and dissemination of Jencks and *Brady* information the government will be providing to *pro se* Defendants and Defense Counsel of Record.

Although Defendants have not made a request for materials under the Jencks Act, 18 U.S.C. § 3500, the government proposes to provide *pro se* Defendants and Defense Counsels of Record a copy, in advance of the witnesses' testimony, of Jencks Act materials as well as additional reports of witness interviews which have not been adopted or reviewed by the witness and are not subject to disclosure under the Jencks Act. Because further copying or dissemination could endanger government witnesses, chill future sources of information, and

constitute unwarranted disclosure of grand jury and government information, the government seeks an order requiring the copies given to *pro se* Defendants to be distributed in open Court, to stay in the courtroom and to be returned to the government at the close of the presentation of the evidence.

It appears to the Court that the government's request is reasonable. The general aim of the Jencks Act is to restrict the use of Jencks statements to impeachment of a government witness by bringing to the attention of the jury during cross-examination of the witness any variances between his testimony and his pretrial statement. *United States v. Fried*, 881 F.2d 1077 (Table), 1989 WL 88495, *3 (6th Cir. Aug. 7, 1989). An order precluding the copying or dissemination of Jencks Act materials and requiring the return of those materials after their use on cross-examination does not restrict the use of the materials as contemplated by the Jencks Act. *Id*. Such an order will also protect the witnesses, future investigations and the grand jury process.

In addition, *pro se* Defendant Marcusse's standby counsel and Defendant Buffin's standby counsel have requested that they be included in the distribution of the materials in order to be prepared to take over the defense of their clients, if called upon to do so. An order permitting the inclusion of standby counsel in the receipt of the Jencks Act materials is also reasonable. Standby counsel must be adequately prepared to assume representation if a *pro se* Defendant abandons their self-representation or if ordered by the Court. *See United States v. Studley*, 892 F.2d 518, 522-523 (7th Cir. 1989). In such a complex case as

this, an order permitting distribution of the materials to standby counsel would facilitate the proceedings and would avoid any delay if a *pro se* Defendant decides to permit standby counsel to assume the representation.  Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion for Protective Order Regarding Early Release of Jencks Material and Exhibits (Docket #275) is **GRANTED** as follows:

1. The United States will provide to *pro se* Defendants, Defense Counsel of Record, and Standby Counsel a copy of potential Jencks Act material, as well as other materials without request of the Defendants and before the time required by law;

2. a. Any copies distributed to *pro se* Defendants will be done in open Court.

   b. Such copies distributed to *pro se* Defendants will remain, at all times, in the Courtroom, and will not be distributed to nor displayed to any person behind the bar.

   c. All copies, the original provided and any additional copies, will be returned to the government at the close of the presentation of evidence.

**IT IS FURTHER ORDERED** that

1. The United States will provide, prior to trial, copies of proposed exhibits to *pro se* Defendants, Defense Counsel of Record, and Standby Counsel.

2. All copies of exhibits shall be returned to the government at the conclusion of the trial.

**IT IS FURTHER ORDERED** that Standby Counsel Kaczor's and DeBoer's motions to participate in discovery (Docket #283 and #287) are **GRANTED**.

Date:    April 28, 2005                    /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE