UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JANET MAVIS MARCUSSE,

        Defendant.

                                   /

File No. 1:04-CR-165

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a variety of motions by Defendant Janet Mavis Marcusse. The Court will address each motion in turn.

1. Defendant has filed a "Claim for Immediate Release" requesting her immediate release pursuant to a state law. Defendant is in federal custody pending trial on a multi-count federal grand jury indictment, state law is not applicable to this case. Defendant is in custody pursuant to a lawful order entered by the Magistrate Judge pursuant to federal law. Accordingly, Defendant's "Claim for Immediate Release" (Docket #306) is **DENIED**.

2. Defendant has also submitted a "Claim for Immediate Pretrial Release" in which she asserts a wide range of defects in this criminal proceeding. The allegations range from ridiculous (i.e. the "United States" and the "United States of America" are two distinct "entities") to simply unfounded arguments (i.e. this Court is not an Article III court). Such allegations are simply Defendant's disagreement with existing federal law and are meritless.

Throughout her claim, Defendant appears to object to the detention proceedings held before the Magistrate Judge. The Court has reviewed the transcripts of the detention hearing and finds that there is no defect in them. The Magistrate Judge's order of detention pending trial was entered consistent with 18 U.S.C. § 3142. Accordingly, Defendant's "Claim for Immediate Pretrial Release" (Docket #307) is **DENIED**.

3. Defendant also has submitted a "Notice and Demand to Dismiss for Lack of Any Criminal Jurisdiction Whatsoever" and a "Claim for Change of Venue." Both motions are without merit. Defendant has been charged in a federal grand jury indictment with multiple violations of federal criminal statutes. *See Superseding Indictment*, Docket #108. 18 U.S.C. § 3231 grants the district courts of the United States with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, the Court has jurisdiction over this case. Defendant's arguments to the contrary are incorrect.

Defendant's claim for a change of venue is also without merit. Defendant appears to be conflating venue and subject matter jurisdiction, contending that the proper venue for the prosecution of this federal criminal case is alternatively, the United States Federal Court of Claims or the United States Court of International Trade. This is incorrect. As stated previously, this Court has original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Moreover, although Defendant properly cites FED. R. CRIM. P. 18 requiring that "the government must prosecute an offense in a district where the offense was committed," she contends that this requires that venue be "controlled by the last place where

the last thing happened . . . ." *See* Defendant's Claim for Change of Venue, Docket #311. This is not the law regarding venue of a criminal prosecution. According to the Superseding Indictment, Defendant was a resident of the Western District of Michigan during all times relevant to the indictment. In addition, the Superseding Indictment alleges that portions of the alleged scheme occurred in this district. It will be the government's burden to prove venue is proper in this district beyond a reasonable doubt at trial. *See e.g. United States v. Crozier*, 259 F.3d 503, 519 (6th Cir. 2001). The government will be required to prove that conduct comprising the essential elements of the offenses charged occurred in this district. *See United States v. Wood*, 364 F.3d 704, 710 (6th Cir. 2004). Accordingly, Defendant's "Notice and Demand to Dismiss for Lack of Any Criminal Jurisdiction Whatsoever" (Docket #310) and "Claim for Change of Venue" (Docket #311) are **DENIED**.

4. Defendant has also filed three motions to dismiss the charges against her. Defendant's motions are premised upon the Federal Rules of *Civil* Procedure. The matter before the Court is a criminal, not civil, proceeding. As such, it is governed by the Federal Rules of Criminal Procedure and has a significantly different burden of proof than a civil action. At trial, it will be the government's burden to prove the elements of the charged offenses beyond a reasonable doubt.

In addition, Defendant's motions make reference to an individual who Defendant argues participated in the alleged fraudulent scheme. Defendant contends that this individual is a "necessary party" to the action. Proofs as to another's participation in the alleged

3

fraudulent scheme are matters for trial subject to their potential relevancy to this case. Accordingly, Defendant's motion to dismiss all money laundering charges (Docket #312), motion to dismiss all mail fraud charges (Docket #315), and motion to dismiss Count 42 (Docket #317) are **DENIED**.

    5. Defendant has also submitted a "Claim for 'Savings to Suitors Clause' to be invoked in this case." This is apparently a reference to Section 9 of the Judiciary Act of 1789 which codified the grant of exclusive original jurisdiction to federal courts over admiralty and maritime cases contained in Article III, § 2 of the United States Constitution, but "sav[ed] to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001) (concluding that the savings to suitors clause preserved remedies and concurrent jurisdiction of state courts over some admiralty and maritime claims). Clearly, maritime and admiralty law have no application to the matter presently before the Court. Accordingly, Defendant's "Claim for 'Savings to Suitors Clause' to be invoked in this case" (Docket #316) is **DENIED**.

    6. Finally, Defendant has submitted a "Claim for Proof of Authority" pursuant to FED. R. CIV. P. 9(a). As stated previously, this is not a civil action and the Federal Rules of Civil Procedure have no application to this matter. This claim is premised upon a previously filed "Demand for Mandatory Judicial Notice" in a previous matter before this Court. The Court has reviewed Defendant's claims. They are yet another version of Defendant's

unfounded, nonsensical arguments with existing law and her disagreement with the authority of this Court which she has persisted in asserting throughout this case. Such arguments remain meritless. Accordingly, Defendant's "Claim for Proof of Authority" (Docket #318) is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant's "Claim for Immediate Release" (Docket #306), "Claim for Immediate Pretrial Release" (Docket #307), "Notice and Demand to Dismiss for Lack of Criminal Jurisdiction" (Docket #310), "Claim for Change of Venue" (Docket #311), Motion to dismiss all money laundering charges (Docket #312), motion to dismiss all mail fraud charges (Docket #315), "Claim for 'Savings to Suitors clause' to be invoked in this case" (Docket #316), Motion to dismiss Count 42 (Docket #317), and "Claim for Proof of Authority" (Docket #318) are **DENIED**.

Date:     May 9, 2005                  /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE