UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JANET MAVIS MARCUSSE,
DAVID REX ALBRECHT,
GEORGE TERRANCE BESSER,
DIANE RENAE BOSS,
WESLEY MYRON BOSS,
DONALD MAYNARD BUFFIN, JR.,
WILLIAM EDWARD FLYNN, and
JEFFERY ALAN VISSER,

        Defendants.

                                            /

File No.  1:04-CR-165

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Defendants have been indicted on multiple counts of money laundering, mail fraud, and conspiracy to defraud the United States in violation of 18 U.S.C. § 1341, 18 U.S.C. § 371, and 18 U.S.C. § 1956.  The government has filed a motion in limine to hold certain defense evidence to be inadmissible at trial.

The government seeks a pretrial order prohibiting the Defendants from introducing eleven categories of evidence at trial on the basis that they are inappropriate for the jury's consideration and will serve only to confuse the jury.

The categories of evidence the government seeks to exclude are summarized as follows: A) evidence regarding the constitutionality of the income tax laws; B) evidence challenging the validity of Federal Reserve Notes as legal tender or the monetary system of the United States; C) evidence alleging that wages or other gains are not income subject to taxation; D) third-party testimony regarding a Defendants' state of mind; E) evidence suggesting that the Fifth Amendment is a defense to the failure to file a tax return; F) documentary evidence purportedly relied on in determining that Defendants were not required to file federal tax returns; G) evidence regarding civil procedures available to the IRS to collect taxes; H) evidence to suggest that Defendants were not persons subject to the federal taxation laws; I) evidence challenging the Court's jurisdiction; J) evidence by "tax experts" concerning tax law; K) evidence challenging the process by which Defendants are before the Court.

Defendants Wesley Myron Boss and Janet Mavis Marcusse have responded to the motion. Both Defendants contend that the government's request sweeps too broadly. Moreover, Boss argues that government's motion fails to address *United States v. Cheek*, 498 U.S. 192 (1991). The Court will address each category of evidence in turn.

A. The government seeks to preclude evidence regarding the constitutionality of the income tax laws of the United States. They contend such evidence may be introduced under two potential theories. First, as a direct challenge to the constitutionality or lawfulness of the income tax laws of the United States. Second, as evidence of Defendants' good faith belief,

2

that the income tax laws of the United States are unconstitutional or unlawful. The government argues such evidence is inadmissible under either theory.

In a jury trial it is the province of the court to decide issues of law and to instruct the jury on the law, and it is the province of the jury to decide the facts. *United States v. Wunder*, 919 F.2d 34, 36 (6th Cir. 1990). The issue of whether the income tax laws of the United States are constitutional or lawful is an issue of law, and is accordingly an issue reserved for determination by the Court, not the jury. Boss objects to any order prohibiting him from introducing evidence in support of his belief regarding his duties under the tax laws, contending that such evidence is allowed by *Cheek v. United States*, 498 U.S. 192, 207 (1991).

The United States Supreme Court held in *Cheek* that a defendant may not be convicted of willfully failing to file tax returns if he held a good faith belief that the law did not impose such a duty upon him, regardless of whether the claimed belief is objectively reasonable. 498 U.S. at 202. Thus, the Court found that it was error to instruct the jury not to consider evidence of petitioner's asserted beliefs that wages are not income, because such evidence was relevant to the factual issue of whether the defendant acted willfully. *Id*. at 206-07. The Court, however, distinguished claims that the tax code was unconstitutional, explaining, "[t]hey do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable." *Id*. at 205. Thus,

*Cheek* requires the Court to carefully distinguish between a defendant's views as to the validity of the tax statutes, which are irrelevant to the issue of willfulness, and a defendant's good faith beliefs regarding the law's requirements, which present a relevant factual issue for the jury. *Id*. at 206.

Applying *Cheek* to the first type of evidence sought to be excluded, the Court finds that it is excludable under either potential theory. Evidence regarding the constitutionality or validity of the tax statutes, whether presented as a direct challenge or as a defendant's own belief, is not relevant to any issue to be decided by the jury in this case. *Id*. at 206 ("It was therefore not error in this case for the District Judge to instruct the jury not to consider Cheek's claims that the tax laws were unconstitutional."). As *Cheek* explained, such claims are different from a person's beliefs regarding the requirements of the tax laws, because they demonstrate full knowledge of the tax provisions and a studied (albeit erroneous) conclusion that the provisions are invalid. *Id.*

B. The government seeks to prohibit introduction of evidence challenging the validity of the United States monetary system or the Federal Reserve Notes as legal tender. Such arguments have been roundly rejected by the federal courts as frivolous. *See e.g.*, *United States v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976); *United States v. Wangrud*, 533 F.2d 495 (9th Cir. 1976). Boss appears to object to exclusion of this evidence based upon *Cheek*. The Court is mindful of *Cheek* and its instruction permitting a defendant to assert a good faith, unreasonable belief as a defense to a criminal tax violation. As stated previously,

4

according to *Cheek*, the Court must carefully distinguish between a defendant's views on the validity of tax statutes and a defendant's good faith beliefs regarding the law's requirements. The former is irrelevant, while the latter is an issue for the jury. Evidence regarding the validity of the United States monetary system falls into the category of excludable evidence. Similar to the arguments raised in *Cheek* regarding the constitutionality of the tax statutes, arguments disputing the validity of the monetary system do not arise from mistakes regarding the law's requirements. 498 U.S. at 205. Rather, as in *Cheek*, such an argument demonstrates that the defendant has engaged in full research of the monetary system and arrived at a studied conclusion. *Id*. The belief that the United States monetary system is invalid or that Federal Reserve Notes are not legal tender does not provide a defense to the crimes charged in the indictment. Accordingly, evidence on this theory is excluded.

    C. The government seeks to preclude evidence that wages, profits, interest or gain do not constitute income, subject to taxation, within the meaning of revenue laws of the United States, including the Internal Revenue Code. Again, Boss broadly objects to this exclusion based upon *Cheek*. The defendant in *Cheek* attempted to raise a similar argument that his wages were not income within the meaning of the Internal Revenue Code. *Cheek*, 498 U.S. at 203. The Court concluded that it was error to instruct the jury to disregard evidence of defendant's belief that wages were not taxable income. *Id*. Accordingly, consistent with *Cheek*, a Defendant in this case may present evidence of their good faith beliefs regarding

the Internal Revenue Codes's requirements but cannot present evidence that, in their opinion, such statutes are invalid.

D.  The government seeks to prohibit introduction of third-party testimony regarding a Defendants' beliefs concerning the federal income tax laws.  Boss objects to any order prohibiting him from introducing any relevant testimony or physical evidence regarding any good faith defense.

The government is not seeking to preclude all testimony regarding Defendants' good faith beliefs.  Under *Cheek*, a defendant may present his own testimony regarding his or her good faith defense.  But, as the government properly contends, third-party testimony regarding a defendant's own personal beliefs would be hearsay under FED. R. EVID. 801.  The government also properly notes that while Rule 803(3) allows evidence of a statement of the declarant's then existing state of mind, it does not permit evidence of a statement of belief to prove the fact believed.  FED. R. EVID. 803(3).  Because the Court is uncertain as to what evidence Boss (or any other Defendant) intends to offer in support of his good faith belief, the Court will reserve ruling on the precise contours of what evidence will be allowed.

E. The government seeks to prohibit evidence which attempts to suggest that the Fifth Amendment prohibition against compelled self-incrimination is a defense to the failure to file a tax return.  Neither Boss or Marcusse's objection is clear, but it appears to be based upon the broad sweep of the government's request.  Marcusse apparently misunderstands the request characterizing it as an attempt to "prevent the use of the Fifth Amendment."  This

characterization actually sweeps too broadly. As the Court has explained at previous hearings, no defendant can be compelled to testify at this trial consistent with the Fifth Amendment. The government's request, however, seeks to exclude a specific argument that the Fifth Amendment is a defense to the failure to file a tax return. The Court is bound to follow the Sixth Circuit's determination in *United States v. Heise*, 709 F.2d 449, 450-51 (6th Cir. 1983), that the Fifth Amendment privilege against compulsory self-incrimination does not justify an outright refusal to file an income tax return.

    F. The government seeks to prohibit introduction of documentary evidence purportedly relied upon by Defendants in determining that they were not required to file federal income tax returns. The government acknowledges that Defendants may claim reliance upon such documents to explain the reasons for their purported beliefs regarding the requirements of the tax laws, but raises the legitimate concern that such documents may usurp the function of the trial court to provide the law and unduly confuse the jury.

    In light of *Cheek*, the Sixth Circuit has held that "[w]hile a party must be afforded an opportunity to read for the jury relevant excerpts of the materials on which he relied in forming his belief that he was not obligated to pay taxes, we have declined to set forth a blanket rule requiring district courts to admit those excerpts into evidence." *United States v. Middleton*, 246 F.3d 825, 838-39 (6th Cir. 2001) (citing *United States v. Gaumer*, 972 F.2d 723, 725 (6th Cir. 1992)). The Sixth Circuit has recognized that such documents may be cumulative and may hold the danger of confusing the jury by introducing purported legal

7

analysis that is at odds with the trial court's instruction. *United States v. Nash*, 175 F.3d 429, 435 (6th Cir. 1999). The Court is not required to permit the physical introduction of all of the documents Defendants relied on. Because the Court is not aware of what exhibits Defendants may attempt to introduce, the Court cannot assess the volume, likely confusion, or relevance of the documents. The Court accordingly reserves ruling on this issue.

G. The government requests exclusion of evidence regarding civil procedures available to the Internal Revenue Service. The government contends that Defendants may attempt to offer such evidence to demonstrate that a criminal prosecution is unnecessary to ensure compliance with the tax laws of the United States. The government is correct that evidence offered for this purpose is irrelevant to whether Defendants committed the crimes charged. Accordingly, such evidence is excluded unless Defendants can demonstrate it is being offered for some other permissible purpose.

H. The government seeks to preclude any evidence that seeks to establish or suggest that Defendants were not persons subject to the taxes imposed by Title 26. Boss appears to object to this request based upon *Cheek*.

*Cheek* allows a defendant to present evidence of a good faith but erroneous belief that he was not a taxpayer within the meaning of the Internal Revenue Code or that he was otherwise not a person subject to taxation. 498 U.S. at 207. But *Cheek* does not permit a defendant to make a jury issue out of legal arguments regarding who is, under the law, a person subject to taxation. The law requires "every individual having for the taxable year,

8

gross income which equals or exceeds the exemption amount" to file an income tax return. 26 U.S.C. §§ 6012, 7203. Title 26 imposes "an income tax on the income of every individual who is a citizen or resident of the United States." 26 C.F.R. § 1.1-1(a). These are the limited facts the government must prove to show that a defendant was a person required to file a tax return. Other factual issues a defendant might raise to challenge their legal status as a taxpayer are likely to be legally irrelevant and frivolous. *See, e.g.*, *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) (rejecting as patently frivolous defendant's argument that he was not subject to federal income tax laws because he is "solely a resident of the state of Michigan" and not a resident of any "federal zone"); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (rejecting as frivolous argument that defendant was not required to pay taxes because she was an absolute, freeborn, and natural individual); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984) (rejecting taxpayers' argument that they were exempt from federal taxation because they were "natural individuals" who have not received any "privileges" from the government); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981) ("natural persons" are not excluded from responsibility to comply with tax laws).

I. The government seeks to preclude any evidence to establish or suggest that this Court is without jurisdiction. There is no reason for any Defendant to present evidence or argument on the issue of jurisdiction to the jury. Moreover, it is firmly established that federal district courts have jurisdiction to adjudicate prosecutions for failure to file tax returns. *See e.g.*, 18 U.S.C. § 3231 (granting district courts original jurisdiction over all

9

offenses against the laws of the United States); *Mundt*, 29 F.3d at 237 (holding that district court had jurisdiction over prosecutions of violations of the tax laws).

J.  The government seeks to prohibit introduction of any evidence provided by "tax experts" regarding opinions concerning the status, impact, effect, and significance of tax law. The role of an expert witness is to "assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702.  The Sixth Circuit has explained that "[e]xperts are supposed to interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations." *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986) (citing *Marx & Co. v. Diners' Club*, 550 F.2d 505, 509-10 (2d Cir. 1977)).  The function of the trial judge is to determine the law of the case and instruct the jury on the controlling legal principles.  *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).  An expert's opinion on the law would not be helpful to the jury and would only serve to confuse them by introducing a potentially conflicting source of law.  *Curtis*, 782 F.2d at 600.

Boss appears to object to this request because it does not expressly address *Cheek* and relies upon cases that were decided pre-*Cheek*.  While the cases cited above were decided prior to *Cheek*, the principles contained therein are not implicated by *Cheek's* holding.  An expert's opinion on the law is not relevant to a defendant's personal, good faith belief regarding the tax law's requirements.  As stated previously, a defendant may testify regarding

10

his own good faith belief and may read certain relevant excerpts of documents that lead him to such beliefs. *See Middleton*, 246 F.3d at 838-39. But the testimony of an expert on such matters is not necessary or relevant to a defendant's beliefs and would not assist the jury in determining any factual issue.

      K. The government seeks to exclude evidence that seeks to establish that the process by which the Defendants are before the Court is flawed. The government has offered eight different potential arguments that they contend should be excluded because they are not relevant to the proceeding. These arguments include: a) that a "natural person" is not included in the federal tax laws; b) that the United States is engaged in the practice of "slavery" to "steal citizens' labor;" c) that the persons engaged in the investigation and prosecution of this matter have engaged in several crimes including extortion, oppression, fraud, or lack authority to be so engaged; d) that the federal tax laws violated Defendants' perceived right of contract; e) that the tax laws of the United States are not "positive law;" f) that there is any relevant significance between "direct taxes" and "indirect taxes;" g) that they attempt to attack the authority, activities and/or composition of the federal grand jury; h) that the laws of Congress "do not extend into the states."

      Boss has provided little explanation, beyond his reliance upon *Cheek*, for his objection to the government's request to preclude this evidence. To the extent that any Defendant wishes to offer the evidence described on the theory that the tax statutes are invalid or that the government's implementation of the statutes is erroneous, those arguments would be

11

legal arguments within the exclusive province of the Court, and would not be properly raised before the jury.

For the reasons stated in this opinion, the government's motion in limine will be granted in part and denied in part.  An order consistent with this opinion will be entered.


Dated:     May 11, 2005              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE