UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    File No. 1:04-CR-165

v.

                                    HON. ROBERT HOLMES BELL

JANET MAVIS MARCUSSE,

       Defendant.
                                              /

## MEMORANDUM OPINION AND ORDER

Defendant Janet Mavis Marcusse's latest motions seek a dismissal of the charges against her pursuant to the Speedy Trial Act, requests an order to show cause why the United States Attorney's legal secretary should not be held in contempt, a "claim for failure to appear by stand-by counsel," a response to the Court's May 9, 2005 order denying her claim for immediate pretrial release, a claim for a restraining order against certain U.S. Marshals, and a request for compulsory joinder of indispensable parties. The motions are without merit and will be denied.

Defendant seeks a dismissal of the charges against her pursuant to the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). Under 18 U.S.C. § 3161(c)(1), a defendant must be tried within seventy days from their appearance on the indictment. Defendant made her initial appearance in this case on August 17, 2004. Trial in this matter began on May 16, 2005. Without more, it appears that the 70-day period has lapsed. However, 18 U.S.C. § 3161 also

provides that certain periods of delay are excluded from computing the time within which Defendant's trial must commence. *See* 18 U.S.C. § 3161(h). Many of these exclusions are relevant to this case.

This matter involves eight defendants, the last defendant to be arraigned on the original indictment was William Flynn. 18 U.S.C. § 3161(h)(7) provides for a reasonable delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Further, on November 8, 2004 and November 9, 2004, each defendant was arraigned on a superseding indictment, thus trial could not start for 30 days from that date. 18 U.S.C. § 3161(c)(2), (h)(1)(D). On November 29, 2004, various pretrial motions and pleadings were filed thus implicating the exclusion in 18 U.S.C. § 3161(h)(1)(F) (excluding delay from any pretrial motion). Prior to the resolution of these motions, Defendant was ordered to undergo a psychiatric evaluation. Docket #150. Thus, the exclusion in 18 U.S.C. § 3161(h)(1)(B) (excluding delay from any examination of a defendant) is applicable.

Thereafter, a co-defendant filed a motion for continuance which was granted on December 22, 2004, adjourning the trial date until March 25, 2005. 18 U.S.C. § 3161(h)(8)(A) (excluding delay resulting from an ends of justice continuance). On February 3, 2005, an additional co-defendant, George Besser was arrested and arraigned on the superseding indictment, once again implicating 18 U.S.C. § 3161(h)(7). Another motion for an ends of justice continuance was filed on February 23, 2005 by a co-defendant, as well

as additional pleadings and motions by Defendant. *See* Docket #200, 201, 204, 207, 208. The continuance was granted and trial adjourned to May 16, 2005.

On March 11, 2005, Defendant filed a notice of interlocutory appeal in the Sixth Circuit Court of Appeals that was subsequently denied on April 29, 2005. 18 U.S.C. § 3161(h)(1)(E) (excluding delay from interlocutory appeal). Finally, since the May 6, 2005 final pretrial conference Defendant has filed an additional twenty-seven motions and pleadings.

When the § 3161(h) exclusions are calculated, only thirteen days have elapsed from the seventy day speedy trial clock. Accordingly, Defendant's motion to dismiss under the Speedy Trial Act is without merit and is denied.

Defendant's "Claim for Failure to Appear by Stand-by Counsel" appears to allege that her stand-by counsel failed to timely file a Witness List as requested. According to the Docket Sheet, Defendant's witness list was filed by stand-by counsel on May 10, 2005. *See* Docket #324. Thus, Defendant's claim is denied as moot.[1]

Defendant also has requested a show cause hearing to hold Cindy Vine, a legal secretary with the United States Attorney's office, in contempt for allegedly lying to the Court. The only statement attributed to Cindy Vine in Defendant's claim is that Ms. Vine mailed certain orders to Defendant. On its face, there is no indication in Defendant's claim

---

[1] Defendant has subsequently filed an additional pleading stating that this claim should be disregarded because it was filed in error. *See* Docket #370.

that Ms. Vine lied to this Court. Accordingly, there is no reason to hold a contempt hearing. Defendant's claim is denied.

Defendant has also filed a response to the Court's May 9, 2005 order denying her immediate pretrial release. The Court will treat this as a motion for reconsideration and will deny her motion. Defendant contends that she was unable to present witnesses and evidence on her behalf at her detention hearing. The Court has reviewed the record and finds that Defendant was given an ample opportunity to cross-examine the government's witnesses and present her own witnesses.

The detention hearing was continued on two occasions over a period of three days, so that Defendant had the opportunity to fully cross-examine witnesses and ensure that her own witnesses were in attendance. *See e.g.* Transcript of July 28, 2004 Detention Hearing pg. 139; Transcript of July 29, 2004 Detention Hearing pgs. 46-47(Docket #178, 179). These continuances were granted despite Defendant's consistently belligerent, argumentative, and disruptive behavior. In short, Defendant was given ample opportunity to present witnesses and demonstrated that her only interest was in obstructing the proceeding. *See* Transcript of August 4, 2004 Detention Hearing pgs. 3-5. Accordingly, Defendant's motion for reconsideration is denied.

Defendant next requests a "protective restraining order against un-named U.S. Marshals." Defendant has been in custody pending trial under a lawful order of detention. Docket #21. As part of this order of detention she was committed to "the custody of the

4

Attorney General or his designated representative for confinement . . . ." *Id.* While Defendant is appearing before the Court, she is in the custody of the United States Marshal Service. Therefore she cannot obtain a protective order against the Marshals.

Additionally, Defendant's allegations are either her own suspicions as to the activities of the Marshals or simply untrue. For example, Defendant asserts that the co-defendants were permitted to speak to each other in the courtroom following the final pretrial conference without any restriction on the conversation. This is false. The Court specifically stated that the Marshals would be present during the conversation and it was only after Defendant's language became abusive toward the Marshals, that they were forced to discontinue the meeting. Accordingly, Defendant's request is denied.

Defendant has also submitted a request for compulsory joinder of indispensable parties to this action pursuant to FED R. CIV. P. 19. The Court has repeatedly admonished Defendant that the rules of civil procedure are not applicable to this criminal matter. *See e.g.* May 9, 2005 Memorandum Opinion and Order (Docket #325). In the criminal context, it is well settled that the decision whether to prosecute an individual and what charge to bring before the grand jury are decisions that are committed to the prosecutor's discretion. *See e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Oldfield*, 859 F.2d 392, 398 (6th Cir. 1998). Accordingly, Defendant's request is denied.

**IT IS HEREBY ORDERED** that Defendant Janet Mavis Marcusse's

1. Motion for dismissal pursuant to the Speedy Trial Act (Docket #356) is **DENIED**.

     2. "Claim for Failure to Appear by Stand-by Counsel" (Docket #358) is **DENIED** as moot.

     3. Claim for a contempt show cause hearing (Docket #355) is **DENIED**.

     4. Response to the Court's May 9, 2005 Order (Docket #357) is **DENIED**.

     5. Claim for a protective order against the United States Marshal Service (Docket #368) is **DENIED**.

     6. Claim for Compulsory Joinder (Docket #369) is **DENIED**.


Date:     May 17, 2005              /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE