UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                            File No. 1:04-CR-165

v.

                                            HON. ROBERT HOLMES BELL

JANET MAVIS MARCUSSE, et al.,

      Defendants.
                                        /

## MEMORANDUM OPINION AND ORDER

      Defendant Janet Mavis Marcusse has submitted three motions in this matter: a claim that the Court take judicial notice that she is not a resident of the Western District of Michigan, a claim that the Court will treat as a motion for reconsideration of Defendant's motion to dismiss the money laundering charges, and a request that she be permitted to wear makeup in the courtroom. Each motion will be addressed in turn.

      1. Defendant first claims that she has never been a "resident" of the federal Western District of Michigan. In support, Defendant relies upon *Howard v. Sinking Fund of Louisville*, 344 U.S. 624 (1953). A cursory review of *Howard* reveals that it has no application to this case. In *Howard*, the Supreme Court held that pursuant to the Buck Act, 4 U.S.C. § 106, the City of Louisville was permitted to levy an income tax within an area under federal jurisdiction that had been annexed by the city. 344 U.S. at 629. The Court cannot comprehend the relevance of the issues raised in *Howard* to this matter. Defendant's

remaining arguments are also nonsensical and irrelevant to this matter. Accordingly, Defendant's claim that the Court take judicial notice that she is not a resident of the Western District (Docket #382) is **DENIED**.

2. Defendant has also requested that the Court conduct a review of the merits of her motion to dismiss the money laundering charges against her (Docket #312). In the Court's May 9, 2005, Memorandum Opinion and Order, in addition to ruling on other issues, the Court denied Defendant's request to dismiss the money laundering charges against her because her motion to dismiss was premised upon the Federal Rules of Civil Procedure, which do not apply in this criminal matter. Defendant has responded, contending that as a pro se defendant, her motion should not be dismissed on a "technicality." Defendant requests that the Court address the merits of her motion.

The Court will treat Defendant's request as a motion to reconsider the denial of her motion to dismiss the money laundering charges. The Court has reviewed the arguments and authority upon which Defendant relies in her original motion and the present motion and finds that they do not alter the Court's original conclusion in the May 9, 2005, Memorandum Opinion. Specifically, Defendant cites to cases which she contends establish that "mere spending" does not constitute money laundering. The cases cited by Defendant do not establish such a far reaching rule, rather in each case the appellate court determined that the evidence was insufficient to convict a defendant of money laundering. *See United States v. Shoff*, 151 F.3d 889 (8th Cir. 1998) (holding that evidence was insufficient to prove that two

automobile purchases constituted money laundering)*; United States v. Torres*, 53 F.3d 1129 (10th Cir. 1995) (holding that evidence was insufficient to support conviction for money laundering where government failed to prove financial transaction was undertaken with an intent to promote unlawful activity); *United States v. Dobbs*, 63 F.3d 391 (5th Cir. 1995) (holding that evidence was insufficient to convict defendant of money laundering where evidence did not provide a basis from which to conclude transactions were designed to conceal the origins of the funds). The government will have the burden of proving beyond a reasonable doubt each element of the money laundering charges contained in the superseding indictment. Defendant's cited cases do not provide any support for dismissing the charges prior to trial.

Defendant also relies on cases that address certain sentencing issues that arise in the money laundering context. *See United States v. Siegel*, 153 F.3d 1256 (11th Cir. 1998) (holding that district court erred by not considering defendant's ability to pay when determining the amount of restitution to victims)*; United States v. Wilson*, 98 F.3d 281 (7th Cir. 1996) (holding that under U.S.S.G. § 3D1.2, defendant's convictions for mail fraud and money laundering were "closely related counts" and should have been grouped together for sentencing purposes). These sentencing issues are irrelevant to Defendant's contention that the indictment improperly includes money laundering charges.

Finally, Defendant relies upon *United States v. Jenkins*, 58 F.3d 611 (11th Cir. 1995) to argue that counts 43-57, 66-69, 71, 73-76 and 81-82 should not have been charged in the

3

indictment. *Jenkins* involved a challenge to defendant's sentence for crimes arising out of an elaborate kickback scheme. 58 F.3d at 612. The court held that defendant should be resentenced because the district court erred in including certain transactions not in excess of $10,000 in determining the value of funds involved in a violation of 18 U.S.C. § 1957. Again, this case addresses a sentencing issue that is not relevant to this matter. Moreover, a review of the indictment demonstrates that Defendant's reliance on this case is misplaced. Counts 43-57, 66-71, 73-76, and 81-82 charge the co-Defendants with violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2. *Jenkins* does not address these statutes. In sum, Defendant has not offered any cognizable reason to dismiss the money laundering charges in the indictment.

Accordingly, Defendant's request to review the merits of her motion to dismiss the money laundering charges (Docket #383) is **DENIED**.

3. Defendant has also requested an order permitting her to use makeup for her court appearances. The Court has been informed by the United States Marshals that makeup will be made available to her prior to her appearance at trial. Accordingly, Defendant's claim for use of makeup for Court appearances (Docket #381) is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant Janet Mavis Marcusse's

1. Claim that she is not a resident of the Western District of Michigan (Docket #382) is **DENIED**.

4

2. Motion to reconsider the merits of Defendant's motion to dismiss the money laundering charges (Docket #383) is **DENIED**.

3. Claim for Use of Makeup for Court appearances (Docket #381) is **GRANTED**.


Date:      May 23, 2005                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE