UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    File No.  1:04-CR165

v.

                                    HON. ROBERT HOLMES BELL

JANET MAVIS MARCUSSE,

        Defendant.
                                       /

## **O P I N I O N**

This matter is before the Court on Defendant Janet Mavis Marcusse's amended ex parte request for subpoenas for witnesses at government expense pursuant to FED. R. CRIM. P. 17(b). Defendant has amended her previous request in accordance with the Court's May 20, 2005 memorandum opinion and order denying without prejudice her previous request for subpoenas at government expense. Defendant has provided a summary of each witness' potential testimony. The Court requested that the government file a response to Defendant's request. The government has not objected to twenty-four of the twenty six requested witnesses. While the government has not objected, the Court must determine if the requested witnesses are necessary to an adequate defense. *See* FED. R. CRIM. P. 17(b).

Defendant has the initial burden of demonstrating that each witness is necessary to an adequate defense. *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990). Defendant must provide sufficiently specific facts demonstrating that the witnesses are necessary;

generalities are not sufficient. *United States v. Barker*, 553 F.2d 1013, 1020-21 (6th Cir. 1977). A witness is necessary if his/her testimony is relevant, material and useful to an adequate defense. *Moore*, 917 F.2d at 230 (citing *United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974). Defendant is required to allege facts which, if true, would be relevant to any issue in the case. *Barker*, 553 F.2d at 1020 (citing *Greenwell v. United States*, 317 F.2d 108, 110 (D.C. Cir. 1963)). Defendant has been charged with multiple counts of mail fraud and money laundering, as well as conspiracy to defraud the United States stemming from an allegedly fraudulent investment scheme called Access Financial. Thus, Defendant's witnesses must provide testimony that is relevant to these charges.

The Court has reviewed Defendant's request and is satisfied that Defendant has made a sufficient showing of necessity for the following witnesses: Winfield Moon, Beth DeMeester, Dan Evans, Dan Hammond, James Kramer, Brian Maisel, Robert H. Everett, Jr., Chris Milson, Virgil Boss, Tom Wilkinson, Dan and Phyllis Calkins, Richard Gerry, and Kim Newell. Accordingly, the Court will order that subpoenas be issued at the government's expense for the above individuals.

The Court will deny subpoenas for the remaining witnesses because their testimony is not necessary to a defense of the charges against Defendant. Defendant's reasons for calling the remaining witnesses are either irrelevant to the issues at trial or would be unnecessarily cumulative given the testimony expected from Defendant's other witnesses. *See United States v. Webster*, 750 F.2d 307, 330 (5th Cir. 1984); *United States v. Weischedel*,

201 F.3d 1250, 1255 (9th Cir. 2000) ("A district court can properly deny a Rule 17(b) subpoena request when the testimony would be cumulative."). Specifically, the Court denies a subpoena for the following witnesses:

    1.    Robert W. Plaster: The government has notified the Court that it will be calling Mr. Plaster to testify during their case in chief. Thus, Mr. Plaster will be available to Defendant if she wishes to call him.

    2.    David Pointer: Defendant has failed to allege facts that are relevant to the issues in this trial. Specifically, the failure of certain alleged investments, even if caused by persons other than Defendant, is not relevant to the charges she faces in this matter. At best, it is a collateral matter to this case.

    3.    Gerard M. Forrester: Defendant has failed to allege facts that are relevant to the issues in this trial. Again, the external causes of the failure of certain alleged investments is a collateral matter to this case. It is not relevant to the charges against Defendant. Moreover, the government has suggested that the existence of this person is of doubtful validity.

    4.    Dr. Reede Hubert: Defendant has failed to allege facts showing that this witness is necessary to her defense. The success or failure of a particular investment is not at issue in this case. Moreover, Defendant's alleged reason for calling Dr. Hubert may cause confusion of the issues and would be unnecessarily cumulative.

5.      Ed Terlesky: Defendant's alleged reason for calling Mr. Terlesky relates to the failure of a certain alleged investment by Access Financial. The failure of this investment is irrelevant to this case.

6.      Darwin Kal: Defendant has failed to allege facts showing that this witness is necessary to her defense. At best, Defendant's alleged reason for calling Mr. Kal is collaterally related to this case. In the interest of avoiding confusion of the issues and the limited relevance of Defendant's reason for calling Mr. Kal, the subpoena request is denied.

7.      Christopher Lunn or Raymond Winder: Defendant has provided very little information regarding these witnesses. The facts she has alleged address the purported external forces which caused the failure of certain Bahamian banks. This is wholly unrelated and irrelevant to this case.

8.      Matt Ryberg: Defendant's alleged reason for calling Mr. Ryberg is unnecessarily cumulative given the witnesses who will receive subpoenas at the government's expense. In denying this subpoena request, the Court is mindful that Defendant has requested the expenditure of public money to procure Mr. Ryberg's attendance. In light of the other witnesses, the Court does not believe that it is necessary to expend public money because Mr. Ryberg is not necessary to Defendant's defense. *Webster*, 750 F.2d at 330.

9.      Richard Williams:  Defendant has failed to demonstrate that this witness is necessary to her defense.  Defendant's alleged reason for calling Mr. Williams is a collateral matter to this case and is not relevant to the issues of the trial.

10.     Randy Scott: Defendant's alleged reason for calling Mr. Scott is unnecessarily cumulative given the witnesses who will receive subpoenas at the government's expense. In addition, it appears that the reason for calling Mr. Scott is related to a collateral matter regarding the failure of a certain investment.  Such failure is not relevant to this case.

11.     Cheryl Gardner: Defendant's alleged reason for calling Ms. Gardner is wholly irrelevant to the issues of this trial.  Accordingly, the Court will deny the requested subpoena.

12.     Christi K. Heuck:  Defendant's alleged reason for calling Ms. Heuck is unnecessarily cumulative given the witnesses who will receive subpoenas at the government's expense.  *Webster*, 750 F.2d at 330.  The Court has granted subpoenas for other witnesses who are expected to testify as to the legitimacy of certain alleged investments by Access Financial.  In the interest of avoiding cumulative evidence and unnecessarily expending public funds, the Court will deny the subpoena request.

13.     Scott Addison:  Defendant has failed to demonstrate that Mr. Addison is necessary to her defense.  Defendant's alleged reason for calling Mr. Addison is wholly unrelated and irrelevant to the issues in this case.  Moreover, it appears Defendant wishes to call Mr. Addison because he is a purported expert on constitutional law.  The Court does not require an expert to testify about the law.  The function of the Court is to determine the law

of the case and instruct the jury on the controlling legal principles.  *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).  Mr. Addison's opinion on the law would not be helpful to the jury and would only serve to confuse them by introducing a potentially conflicting source of law.  *United States v. Curtis*, 782 F.2d 593, 600 (6th Cir. 1986).

An order will be entered consistent with this opinion.


Date:    May 27, 2005            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE